UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL EDWARD JOHNSON,

Plaintiff,

v.

JAMES BRUTON, THOMAS HELL, WAYNE JOYCE, DONALD DOANE, LISA RAMBERG, and JOHN DOE,

Defendants.

CIVIL NO. 00-2572 (DWF/JMM)

REPORT AND RECOMMENDATION

Plaintiff, a Minnesota prison inmate, has filed a Complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) to screen Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff is incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH"). He alleges that on October 16, 2000, he was placed on "cell observation status" because he was depressed and suicidal. Pursuant to prison policies, Plaintiff was not allowed to have anything in his cell while he was on cell observation status, except for a mattress and a "suicide gown." Plaintiff was not even

FILED NOV 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

allowed to have toilet paper with him; if he needed some, he had to ask for it.[1]

On October 19, 2000, Plaintiff asked for some toilet paper, and Defendant Donald Doane, a correctional officer at MCF-OPH, gave him a piece that was approximately three-and-a-half feet long. When Plaintiff asked for more toilet paper, Doane denied his request, as did two other correctional officers, Defendants Lisa Ramberg and Wayne Joyce. Defendant Joyce allegedly laughed at Plaintiff's request, which caused Plaintiff to become very upset. Plaintiff complained about the toilet paper incident to higher ranking prison officials, including Defendant Tom Hell, but no one did anything to help Plaintiff.

Plaintiff further alleges that he endured many other unpleasant circumstances during the fifteen days that he remained on cell observation status. During that entire fifteen-day period, Plaintiff allegedly was allowed to take only three showers, he was allowed to brush his teeth only three times, he was fed nothing but bologna sandwiches, he did not receive any mail, he was not allowed to call his family, he was not allowed to wear clothing (except, apparently, the "suicide gown"), and he had a 40 watt lightbulb in his cell. Plaintiff also alleges that Defendant Joyce harassed him from time to time, by making sarcastic comments over the intercom speaker in his cell.

Plaintiff claims that Defendants violated his constitutional rights under the Eighth Amendment, by subjecting him to cruel and unusual punishment during the fifteen days that he was on cell observation status. He is attempting to sue not only Defendants

---

[1] There is at least one reported case of a prisoner who committed suicide by lodging toilet paper in his throat and thereby asphyxiating himself. Williams v. Kelso, 201 F.3d 1060, 1063 (8th Cir. 2000).

Doane, Ramberg, Joyce and Hell, but also James Bruton, the Warden at MCF-OPH. Plaintiff is seeking money damages, and an injunction that would cause him to be transferred to another state prison facility where he could receive "treatment."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

For the reasons discussed below, the Court finds that Plaintiff's present Complaint does not state any cause of action on which relief can be granted. It will therefore be recommended that the action be summarily dismissed pursuant to § 1915A(b)(1).

To state an actionable § 1983 claim based on the Eighth Amendment, a prisoner must allege facts showing that prison officials were personally aware of some particular "excessive risk" to Plaintiff's health and safety, and that they knowingly and deliberately disregarded that risk. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to plead a cognizable Eighth

Amendment "conditions of confinement" claim, Plaintiff must show that he was forced to endure prison conditions that posed a serious threat to his health, safety or well-being. Mere discomfort is not enough. Williams, 49 F.3d at 445 ("the Constitution 'does not mandate comfortable prisons;' it prohibits 'inhumane ones'"), quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Plaintiff's inability to maintain an Eighth Amendment claim is readily apparent when the facts alleged in his Complaint are compared to the facts involved in the Williams case. In Williams, the prisoner-plaintiff was placed in a strip cell for four days. During that time, the water to his cell was shut off and he could not flush the toilet or wash his hands. He was stripped of his clothes and the mattress was removed from his cell. 49 F.3d at 444. Despite these severe deprivations, the Court of Appeals concluded, as a matter of law, that the prisoner's Eighth Amendment rights had not been violated. Id. at 445 ("Williams has failed to present any evidence tending to establish that the conditions in the strip cell denied him 'the minimal civilized measure of life's necessities'").

The deprivations that Plaintiff has described in his Complaint, while undoubtedly unpleasant, do not appear to be any more onerous than those at issue in the Williams case. Here, Plaintiff does not allege that he was deprived of running water or a mattress. In addition, it appears that Plaintiff, unlike the prisoner in Williams, was allowed to cover himself with some type of gown, rather than being left completely naked. It also is significant that Plaintiff, like the prisoner in Williams, endured the adverse conditions of his cell observation status for a relatively short period of time -- only fifteen days. See Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) ("conditions, such as a filthy

cell, may be tolerable for a few days and intolerably cruel for weeks or months"), quoting Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989). See also Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (ten days in a "filthy, roach-infested cell" without toilet paper, toothbrush or toothpaste did not constitute cruel and unusual punishment).

It is especially significant that Plaintiff has not described any health problems caused by the conditions of his confinement. Plaintiff may have been uncomfortable because he did not receive adequate toilet paper, and because he was not allowed to shower and brush his teeth as often as he would have liked. And it is entirely understandable that he would complain about a steady diet of bologna sandwiches for two weeks. However, there is no indication that Plaintiff suffered any physical injury, or any detriment to his physical health, as a result of the conditions he endured while on cell observation status. The only "injuries" mentioned in Plaintiff's complaint are "emotional duress," "emotional turmoil," and "psychological damage." The absence of any allegations of physical harm clearly shows that the conditions of Plaintiff's confinement were not sufficiently objectionable to support an Eighth Amendment claim. See Williams, 49 F.3d at 446 (noting that "[n]othing in the record indicates that Williams suffered any injuries or that his health was impaired as a result of his four-day confinement in the strip cell"); Whitnack, 16 F.3d at 958 ("we cannot find a constitutional violation where the record fails to show that the conditions were of any proven adverse consequence to the health or other basic human needs of the plaintiffs") (emphasis in the original); Tokar v. Armontrout, 97 F.3d 1078, 1081 (1996) (conditions of confinement claim rejected where Plaintiff suffered no "adverse medical reaction").

Plaintiff's fifteen-day stint on cell observation status probably was a miserable experience. The Court certainly does not mean to trivialize Plaintiff's alleged discomfort or condone harsh treatment of prisoners. Plaintiff's allegations that prison officials laughed at him, mocked him, and made sarcastic comments about his suicidal ideations, are particularly disturbing. However, Plaintiff has not alleged sufficient facts showing that any of the named Defendants deliberately disregarded any serious risk to his health, safety or well-being. In light of the relevant Eighth Circuit case law cited above, the conditions of his confinement, as described in the Complaint, were not sufficiently onerous -- from an objective perspective -- to support an Eighth Amendment cause of action.

Furthermore, because Plaintiff has alleged no physical injury, it appears that his claims for relief are barred by 42 U.S.C. § 1997e(e). This statute, which was enacted as part of the PLRA, provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

Plaintiff is a prisoner who has filed a federal civil action seeking to recover damages for "emotional" and "psychological" harm, without presenting any allegation of any physical injury of any kind. His current claims are therefore barred by § 1997e(e). See Zehner v. Trigg, 952 F.Supp. 1318 (S.D.Ind. 1997), aff'd, 133 F.3d 459 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). For this additional reason, Plaintiff's Complaint fails to state an actionable § 1983 claim.

## III. CONCLUSION

For the reasons discussed above, this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted. It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[2] He has not paid any part of the filing fee, so he will still owe the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, because Plaintiff has not stated any actionable claim for relief, his request for appointment of counsel, (Docket No. 3), will be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 28, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before December 15, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.